UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. BULATAO, *et al.*,<br><br>　　　　　Defendants. | Case No. 13-cv-02852-JD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 20 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss citing failure to state a claim, failure to exhaust administrative remedies and qualified immunity. Plaintiff has filed an opposition, and defendants have filed a reply.

## I.　BACKGROUND

This action alleges excessive force and conspiracy against defendant California State Correctional Officers Bulatao and Smethers. Plaintiff alleges the defendants were escorting him to another part of the prison and "[b]efore I left the cell, I grabbed the 22 appeal form, to show it to the Sgt. Both officers know I wanted to talk to the Sgt. When I tried to stop they forced me to the floor. When I got up, I could not walk on my left leg. I thought it was a cramp, it hurt that bad. I could not walk on it for over 10 days and it was a month before I could walk on it normally. They put a bruise on my leg that was 8 1/4" by 5"." Complaint at 3. Plaintiff also names several other defendants and states they conspired to deprive him of his right to sue in federal court.

## II.　LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, *Inc.*, 349 F.3d 1191, 1199-1200

1  (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation marks and citation omitted). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley*, 475 U.S. at 320-21. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

1   A civil conspiracy is a combination of two or more persons who, by some concerted
2   action, intend to accomplish some unlawful objective for the purpose of harming another, which
3   results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a
4   civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or
5   common design and understanding, or a meeting of the minds, in an unlawful agreement. *Id*. To
6   be liable, each participant in the conspiracy need not know the exact details of the plan, but each
7   participant must at least share the common objective of the conspiracy. *Id*. A defendant's
8   knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and
9   from evidence of the defendant's actions. *Id*. at 856-57.

## III.   ANALYSIS

Plaintiff's conspiracy allegations are conclusory and vague. Plaintiff states several defendants conspired to prevent him from suing, but he fails to adequately describe any concerted action by the defendants, a meeting of the minds or even how he was prevented from suing. This claim will be dismissed with leave to amend.

While the allegations in the complaint regarding excessive force set forth the basic elements of the claim and provide some factual support, they are also quite conclusory. In the opposition to the motion to dismiss plaintiff provides additional information regarding the assault. He states he was handcuffed prior to the incident, was not flailing his arms, had simply tried to turn to speak to a sergeant, and that defendants did not attempt to temper their response. But these alleged facts are in the brief, the Court's review is limited to the contents of the complaint. *Allarcom Pay Television v. Gen. Instrument Group*, 69 F.3d 381, 385 (9th Cir. 1995). The excessive force claim will also be dismissed with leave to amend. In an amended complaint plaintiff should provide additional information regarding the incident similar to what he conveyed in the opposition brief.

**Exhaustion and Qualified Immunity**

Defendants also assert that plaintiff failed to administratively exhaust the claims and that they are entitled to qualified immunity. After defendants filed the motion to dismiss, the Ninth Circuit held in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), that a motion for summary

3

1 judgment is the appropriate procedural device for pretrial determination of whether administrative
2 remedies have been exhausted. *Id.* at 1168-69. In their reply, defendants acknowledge the change
3 in law but note that *Albino* provided that if exhaustion deficiencies are plain on the face of the
4 complaint, a Rule 12 motion is still appropriate. *Id*. at 1169. The Ninth Circuit also stated that
5 such cases will be rare. *Id*. In the complaint, plaintiff cited to various administrative appeals that
6 he filed on the first, second and third levels; thus a motion to dismiss is not the appropriate time to
7 address the exhaustion argument. The exhaustion argument may be brought at the summary
8 judgment stage.

The Court will defer ruling on the qualified immunity argument because the excessive force and conspiracy claims are being dismissed with leave to amend.

## IV. CONCLUSION

The motion to dismiss (Docket No. 20) is **GRANTED**, and the complaint is dismissed with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
JAMES DONATO
United States District Judge

13-cv-02852-JD-_mtd

4