UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. BULATAO, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-02852-JD<br><br>**ORDER REOPENING CASE** |

　　　　Plaintiff, a state prisoner proceeding pro se, brought a civil rights action under 42 U.S.C. § 1983. Defendants filed a motion to dismiss for failure to exhaust, failure to state claim, and qualified immunity. The Court granted the motion to dismiss, finding that plaintiff failed to present adequate allegations to support his excessive force and conspiracy claims. The Court granted plaintiff leave to amend after discussing the deficiencies of the original complaint.[1] After granting leave to amend, Plaintiff failed to file an amended complaint or otherwise communicate with the Court, so the case was dismissed and closed.

　　　　Plaintiff appealed and the Ninth Circuit affirmed in part, vacated in part, and remanded the case. The Circuit found that the excessive force claim against defendants Bulatao and Smethers was properly dismissed, but "[t]o the extent [plaintiff] raised a due process challenge to OP 608, that claim was not addressed by the district court. Accordingly, we vacate the judgment in part and remand for the district court to assess this claim in the first instance." *Moore v. Bulatao*, No. 14-16867 (9th Cir. Dec. 28, 2015).[2] In light of this order, the case shall continue on the due

---

[1] The Court did not rule on the exhaustion argument in light of *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), and deferred ruling on the qualified immunity argument until an amended complaint was filed with sufficient allegations to proceed.

[2] The mandate was issued January 21, 2016.

process challenge to OP 608.

## CONCLUSION

1. The order closing this case (Docket No. 32) is **VACATED** and the case is **REOPENED**.

2. The Court sets this briefing schedule:

    a. No later than forty-five days from the date of this Order, defendant may file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation and conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. All papers filed with the Court must be simultaneously served on the plaintiff.

    b. At the time the dispositive motion is served, defendant must also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, must be filed with the Court and served upon defendant no later than forty-five days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d. Defendant may file a reply brief within fifteen days of filing of the opposition.

   e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery. If either party believes more time is required for discovery, it should advise the Court.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 17, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES EDWARD MOORE,

    Plaintiff,

v.

A. BULATAO, et al.,

    Defendants.

Case No. 13-cv-02852-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Edward Moore ID: C-86605
San Quentin State Prison
San Quentin, CA 94964

Dated: February 17, 2016

                Susan Y. Soong
                Clerk, United States District Court

                By: /s/ Lisa R. Clark
                LISA R. CLARK, Deputy Clerk to the
                Honorable JAMES DONATO