UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES EDWARD MOORE,

               Plaintiff,

      v.

A. BULATAO, et al.,

               Defendants.

Case No. 13-cv-02852-JD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 51, 60, 62

Plaintiff, a state prisoner at San Quentin State Prison proceeding pro se, proceeds with a civil rights action under 42 U.S.C. § 1983. Defendants filed a motion to dismiss for failure to state a claim. Plaintiff filed an opposition and defendants filed a reply. The motion is granted.

**BACKGROUND**

Defendants previously filed a motion to dismiss for failure to exhaust, failure to state a claim, and qualified immunity. The Court granted the motion to dismiss, finding that plaintiff failed to present adequate allegations to support his excessive force and conspiracy claims. The Court granted plaintiff leave to amend after discussing the deficiencies of the original complaint.[1] After granting leave to amend, Plaintiff failed to file an amended complaint or otherwise communicate with the Court, so the case was dismissed and closed. Plaintiff appealed and the Ninth Circuit affirmed in part, vacated in part, and remanded the case. The Circuit found that the excessive force claim against two defendants was properly dismissed, but "[t]o the extent [plaintiff] raised a due process challenge to OP 608, that claim was not addressed by the district

---

[1] The Court did not rule on the exhaustion argument in light of *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), and deferred ruling on the qualified immunity argument until plaintiff filed an amended complaint with sufficient allegations to proceed.

1    court.  Accordingly, we vacate the judgment in part and remand for the district court to assess this

2    claim in the first instance." *Moore v. Bulatao*, No. 14-16867, slip op. at 2 (9th Cir. Dec. 28,

3    2015).  The Court ordered defendants to file a dispositive motion with respect to the due process

4    challenge and defendants filed this motion.

5          **LEGAL STANDARD**

6          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal

7    sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200

8    (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S.

9    89, 94 (2007).  However, legally conclusory statements, not supported by actual factual

10   allegations, need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are

11   not bound to accept as true "a legal conclusion couched as a factual allegation").  "A plaintiff's

12   obligation to provide the grounds of his entitle[ment] to relief requires more than labels and

13   conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

14   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation

15   marks omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief

16   above the speculative level."  *Id.*

17         The guarantees of federal due process apply only when a constitutionally protected liberty

18   or property interest is at stake.  *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).  The Ninth

19   Circuit has held that a plaintiff cannot, as a matter of law, state a due process claim under 42

20   U.S.C. § 1983 based solely on the fact that the plaintiff was subjected to a rule that is invalid

21   under state law.  *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th

22   Cir. 2009).  In *Lone Star*, the Court of Appeals concluded that the city ordinance of which the

23   plaintiffs complained "does not interfere with one of the fundamental rights or liberty interests that

24   enjoy heightened protection against government interference under the substantive component of

25   the due process clause," and it did not represent "an abuse of power lacking any reasonable

26   justification in the service of a legitimate governmental objective."  *Id.* at 1236 (internal quotation

27   marks omitted).

28

United States District Court
Northern District of California

2

1  **DISCUSSION**

2       Plaintiff contends that defendants' use of local operating procedures at San Quentin State

3  Prison for condemned inmates violates the California Administrative Procedure Act ("APA") and

4  due process.  He specifically argues that Operating Procedure ("OP") 608 is an "underground

5  regulation" that violates the APA and due process.  OP 608 describes various rules regarding

6  prison life for condemned prisoners at San Quentin.  Docket No. 1 at 12-15.  For example, it

7  discusses the rules of laundry exchange, rules for inmate counts, rules of moving around the

8  prison, and rules for handcuffs.  *Id.*  Plaintiff takes issue with the procedures for guards interacting

9  with inmates while they are moving around the prison and specifically the sentence that, "[a]ny

10  unnecessary movement by an inmate, which staff believes to be a threat to them and/or others may

11  result in the use of force."  Opposition at 73.

12       Plaintiff's argument that this prison rule violates state law and therefore due process fails

13  to state a claim under 42 U.S.C. § 1983 as noted in the legal standards set forth above.  *Lone Star*

14  at 1236; *Gray v. Hill*, No. 13-cv-2456, 2014 WL 1839073, at *2 (E.D. Cal. May 8, 2014)

15  (allegation that plaintiff subject to an underground regulation in violation of the California APA

16  fails to state a claim).

17       As the Supreme Court stated in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), "[s]tates

18  may under certain circumstances create liberty interests which are protected by the Due Process

19  Clause.  But these interests will be generally limited to freedom from restraint which . . . imposes

20  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"

21  (citation omitted).  Here, the only hardship of which plaintiff complains is that he has been

22  subjected to a rule that he says is invalid under state law.  He does not even allege an atypical and

23  significant hardship that is protected by the due process clause because the rule states that guards

24  may only use force if there is a threat to them or others.  While an inmate may raise a claim of

25  excessive force, plaintiff's excessive force claim has already been dismissed, and the dismissal

26  was upheld by the Ninth Circuit.

27       Even if plaintiff could raise a claim challenging OP 608, the claim still fails.  California

28  law provides that no state agency may issue, utilize or enforce a rule that constitutes a "regulation"

United States District Court
Northern District of California

United States District Court
Northern District of California

1   unless the rule has been adopted as a regulation using the procedures required by the

2   Administrative Procedures Act.  *See* Cal. Gov't Code § 11340.5(a); *see also* Cal. Gov't Code §§

3   11346-11348.  However, the California Penal Code expressly exempts from the APA "[r]ules

4   issued by the [CDCR] director applying solely to a particular prison or other correctional facility,"

5   as long as the rules are made available to inmates at that prison.  Cal. Penal Code § 5058(c)(1)

6   (2003).  The California Penal Code does not consider these rules to be "regulations" under the

7   APA.  *Id.*  OP 608 applies only to condemned inmates housed at San Quentin, and plaintiff has

8   access to the operating procedure as he attached a copy of it to the complaint and his opposition.

9   Docket No. 1 at 12-15; Opposition at 73.  Because OP 608 applies only to a particular prison, it is

10  exempt from the APA.  *In re Garcia*, 67 Cal. App. 4th 841, 845 (Cal. Ct. App. 1998).

11      Because no amount of amendment would cure the deficiencies in the complaint, this action

12  is dismissed with prejudice.  To the extent plaintiff seeks to amend his claims of excessive force,

13  those claims were already dismissed by this Court, and the Ninth Circuit upheld the dismissal.[2]

14  To the extent plaintiff seeks to bring a claim pursuant to *Monell v. N.Y. City Dep't of Soc. Servs.*,

15  436 U.S. 658 (1978), any such claim is denied because *Monell* only allows suits against local

16  governments, not state actors.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).

17  To the extent plaintiff seeks to raise additional state law claims, the Court declines to exercise

18  supplemental jurisdiction.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

19      **CONCLUSION**

20      1.  The motion to dismiss (Docket No. 51) is **GRANTED** and the case is **DISMISSED**.

21      2.  Because this case is dismissed, plaintiff's motion for discovery (Docket No. 60) is

22  **DENIED**.  For the reasons set forth above granting the motion to dismiss, plaintiff's motion for

23  partial summary judgment (Docket No. 62) is **DENIED**.  The motion for partial summary

24  judgment is also denied because it fails to discuss why plaintiff is entitled to summary judgment.

25

26

27

28  [2] Plaintiff was previously provided an opportunity to amend the claim of excessive force, but he
    chose not to amend.

4

3.  The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  November 16, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES EDWARD MOORE,

          Plaintiff,

    v.

A. BULATAO, et al.,

          Defendants.

Case No.  13-cv-02852-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Edward Moore ID: C-86605
San Quentin State Prison
San Quentin, CA 94964

Dated: November 16, 2016

Susan Y. Soong
Clerk, United States District Court

By: _Lisa R. Clark_
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO